UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-373-MOC-DCK

| | |
|---|---|
| **LAKEVIEW LOAN CARE SERVICES, LLC,** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| Vs. ) | **ORDER OF REMAND** |
| ) | |
| **PATRICIA HOLLIS,** ) | |
| ) | |
| ) | |
| Defendant ) | |
| ) | |

**THIS MATTER** comes before the Court on a Motion to Remand to State Court filed by Trustee Cape Fear Trustee Services, LLC. (Doc. No. 2). The Court will grant the motion for the following reasons.

I.     BACKGROUND

On or about September 26, 2018, Accent Homes Carolinas, Inc., a North Carolina corporation, conveyed a parcel of real property in Mecklenburg County, North Carolina, at 6503 Nathan Drive, Charlotte, North Carolina 28269 (the "Subject Property") to Patricia A. Hollis ("Hollis"). The conveyance is memorialized, and the Subject Property more fully described, in the certain Special Warranty Deed recorded on September 27, 2018, in Book 33004, page 491 in the Register of Deeds of Mecklenburg County. See (Ex. A).

On September 26, 2018—the same day as the conveyance—Hollis executed a Note, originally in favor of Movement Mortgage, LLC, memorializing a repayment obligation in the original principal amount of $180,835.00. See (Ex. B). Repayment of the loan was secured by a

-1-

Deed of Trust, also executed by Hollis, encumbering the Subject Property. The Deed of Trust was recorded on September 27, 2018 in Book 33004, Page 493 of the Register of Deeds of Mecklenburg County. See (Ex. C).

The Note was transferred to Lakeview Loan Servicing, LLC, and the transfer was memorialized in a Corporate Assignment of Deed of Trust recorded in the Register of Deeds of Mecklenburg on September 14, 2022 in Book 37642, page 189. See (Ex. D). On or about November 3, 2022, Lakeview Loan Servicing, LLC substituted Cape Fear Trustee Services, LLC ("Cape Fear") as Substitute Trustee under the Deed of Trust. The Substitution of Trustee was recorded on November 3, 2022 in Book 37755 at Page 740. See (Ex. D).

Cape Fear subsequently commenced foreclosure proceedings on the Subject Property. On December 29, 2022, Cape Fear filed a Notice of Hearing on the foreclosure proceedings. Hollis was personally served with the Notice of Hearing on January 2, 2023. See (Exs. F, G). At the initial hearing in this action on March 13, 2023, the foreclosure was contested. A subsequent hearing in this action was held on June 12, 2023. On June 23, 2023, Hollis filed her Notice of Removal, seeking to remove the foreclosure action to this Court. Cape Fear now moves for remand.

**II.     DISCUSSION**

Removal of civil actions is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). If the federal district court lacks subject matter jurisdiction, it must remand

the improperly removed case back to state court. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). The party asserting federal jurisdiction has the burden to prove that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir.2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

Federal law requires that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The defendant must petition for removal within thirty days of receiving service of process. McKinney v. Board of Trustees of Md. Cmty. Coll., 955 F.2d 924, 925 (4th Cir. 1992). Under North Carolina law, a foreclosure proceeding is initiated through the filing of a Notice of Hearing. N.C. GEN. STAT. § 45-21.16.

Here, Cape Fear filed its initial pleading in this action—the Notice of Hearing—on December 29, 2022. Hollis was personally served with the Notice of Hearing on January 2, 2023. Pursuant to 28 U.S.C. § 1446(b)(1), Hollis needed to file her Notice of Removal by February 1, 2023, for it to be timely filed. Hollis did not file the Notice of Removal until June 23, 2023. Therefore, under 28 U.S.C. § 1446, removal was procedurally improper. Remand is required on this basis alone. Accord In re Foreclosure of a Deed of Trust Executed by Prodev, XI, LLC, No. 5:08-CV-569, 2008 WL 5234301, at *2 (E.D.N.C Dec. 15, 2008).

In addition, the Court must remand because it lacks subject matter jurisdiction. Federal district courts exercise limited jurisdiction. Only certain types of cases may be filed in or removed to federal district court. Subject matter jurisdiction in federal district court can be based on federal question jurisdiction (under 28 U.S.C. § 1331) or diversity of citizenship (under 28 U.S.C. § 1332). See Burrell v. Bayer Corp., 918 F.3d 372, 378 (4th Cir. 2019). As to diversity of citizenship, federal district courts have jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a). "In order to establish complete diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1995) (internal citations omitted). Additionally, an action may not be removed if the defendant seeking removal is a citizen of the State in which the action is brought. 28 U.S.C. § 1441(b)(2). Both Cape Fear (the initial petitioner in this action) and Hollis, who resides at the Subject Property, are North Carolina citizens. Thus, diversity of citizenship is lacking. Additionally, 28 U.S.C. § 1441(b)(2) prohibits Hollis, a North Carolina citizen, from removing to federal court an action initially brought in North Carolina state court.

Absent diversity, the only basis for federal subject matter jurisdiction would be "federal question" jurisdiction under 28 U.S.C. § 1331.

> Title 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction of every civil action that "arises under the Constitution, laws, or treaties of the United States." This means that Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606–07 (4th Cir. 2002). State foreclosure actions do not arise under federal law. Simpson v. Wilson, 3:11CV576, 2012 WL 1021773, at *5 (W.D.N.C. Feb. 7, 2012) (recommending remanding state court foreclosure proceeding), adopted by Simpson v. Wilson, 2012 WL 1019523 (Mar. 26, 2012); City of Durham v. Wadsworth, No. 1:08cv425, 2009 WL 186174, at *2 (M.D.N.C. Jan. 23, 2009) (remanding tax foreclosure action); McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, No. 3:08cv293, 2008 WL 4166328, at *2 (W.D.N.C. Sept. 3, 2008) (stating that nothing in a "simple foreclosure action of real property ... suggests the presence of a federal question"). Thus, this Court is without subject matter jurisdiction, and remand is required.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Motion to Remand (Doc. No. 2) is **GRANTED**. This action is **REMANDED** to Mecklenburg County Superior Court.

Max O. Cogburn Jr.
United States District Judge